NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CURTIS A. KHOL,**

*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**

*Respondent*

---

2015-3164

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-14-0624-I-1.

-------------------------------------------------------------------------

**JEROME E. PANNULLO,**

*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**

*Respondent*

---

2015-3168

---

Petition for review of the Merit Systems Protection Board in Nos. DC-0752-13-5863-I-1, DC-0752-14-0624-I-1.

————————————

Decided: June 2, 2016

————————————

CURTIS A. KHOL, Vienna, VA, pro se.

JEROME E. PANNULLO, Kensington, MD, pro se.

AMELIA LISTER-SOBOTKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; STEVEN J. WEISS, Office of General Counsel, United States Department of Defense, Washington, DC.

————————————

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Curtis A. Kohl and Jerome E. Pannullo each appeals the decision of the Merit Systems Protection Board ("Board") sustaining the action of the Department of Defense (DOD) imposing a six day furlough in July and August of 2013 in response to sequestration legislation.[1] The appeals to this court are combined. We discern no reversible error in the Board's decision.

———————

[1]   *Office of the Secretary v. Dep't of Defense*, DC-0752-14-0624-I-1, 2015 WL 1655544 (MSPB Apr. 14, 2015) (Final Order).

BACKGROUND

The Budget Control Act of 2011 established spending limits for federal agencies and required automatic spending cuts if certain deficit reduction legislation was not enacted. Pub. L. No. 112-25, §§ 101-103; 125 Stat. 240, 241-46 (2011). On March 1, 2013 the automatic budget cuts were triggered. 2 U.S.C. §§ 901a(8), 906(k)(2). As a result, the DOD's yearly budget was cut by approximately $37 billion dollars, to be absorbed in the remaining six months of the fiscal year. The DOD took a number of steps to address the budgetary shortfall, including reprogramming funds, reducing facility maintenance, and eliminating some military training exercises. In a May 2013 memorandum, the Secretary of Defense explained that furloughs of civilian workers would be imposed to address the "historic shortfall in our budget" resulting from sequester.

Mr. Kohl is a civilian program analyst with Cost Assessment and Program Evaluation (CAPE), a department with the agency's Office of the Secretary of Defense. Mr. Kohl was provided notice of the furloughs on May 30, 2013. Mr. Pannullo is a member of the Senior Executive Service (SES) with CAPE, and was provided notice of the furloughs on May 29, 2013. The Appellants were furloughed for six days in July and August of 2013. Appellants filed notices of appeal with the Board, alleging they were improperly furloughed because the agency was not facing an actual lack of funds as the result of sequestration. The administrative judge (AJ) consolidated the cases with several others, and found that the DOD had shown the furloughs were a reasonable management solution to the shortage of funds caused by sequestration and that the furloughs promoted the efficiency of the service. *Office of the Secretary v. Dep't of* Defense, 2014 WL 5326077 (MSPB Oct. 14, 2014). On appeal to the full Board, the Appellants argued that the DOD operated with a surplus at all relevant times, and thus could not fur-

lough employees for a "lack of funds." The Board affirmed the AJ's decision, holding that "irrespective of any alleged budgetary surplus, the agency established that it had financial restrictions placed upon its FY 2013 budget." Final Order at ¶6.

Mr. Kohl and Mr. Pannullo appeal.

DISCUSSION

We review the Board's decision to ascertain whether it was (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

By statute, an agency may furlough an employee "because of lack of work or funds or other nondisciplinary reasons." 5 U.S.C. § 7511(a)(5); 5 C.F.R. § 752.402; *see also* 5 U.S.C. § 3595a (SES employees may be furloughed for "insufficient work or funds or for other nondisciplinary reasons"). Furloughs of thirty days or less are deemed adverse employment actions, and may only be taken "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). An agency satisfies the "efficiency of the service" standard by demonstrating "that the furlough was a reasonable management solution to the financial restrictions placed on the agency and that the agency determined which employees to furlough in a fair and even manner." *Einboden v. Dep't of Navy*, 802 F.3d 1321, 1325 (Fed. Cir. 2015).

Mr. Kohl and Mr. Pannullo argue that the DOD's overall budget reflected the existence of a surplus, and thus the DOD could not furlough employees for a "lack of funds." The Board found that sequestration resulted in a reduction of $37 billion across every budget account in the DOD's budget, exacerbating budgetary misallocation under continuing resolution funding. The Board concluded that the DOD had to make significant budgetary cuts,

for in the already underfunded operations and maintenance account from which civilian salaries were paid, the total budgetary shortfall was estimated at $30 billion dollars.  The Board found that the furloughs were a reasonable management solution to the financial restrictions.

Agencies have broad discretion to take actions to control spending and preserve flexibility and priorities.  *See Einboden*, 802 F.3d at 1325 (upholding furloughs when it preserved "flexibility" to "address other high-priority budgetary needs").  An agency is not required to operate at a deficit before implementing a furlough.  Nondisciplinary furloughs are a statutorily-permitted management tool to address budgetary shortfalls.

In his declaration before the Board, Comptroller Hale stated that administrative furloughs "would result in a predictable, recurring amount of money being available for use. . . ."  The court will "give wide berth to agency decisions as to what type of adverse action is necessary to 'promote the efficiency of the service,' provided that the agency's decision bears some nexus to the reason for the adverse action."  *Einboden*, 802 F.3d at 1325–26.  Here, substantial evidence supports the DOD's imposition of furloughs to address the combined impacts of sequestration, operating under a continuing resolution, and higher than anticipated wartime costs.

The Appellants argue that the furloughs did not meet the efficiency of the service standard because the DOD ended the year with a surplus in the operations and maintenance accounts.  They argue that the evidence of various shortfalls and intra-agency transfer actions was not controlling.  Precedent negates this argument.  *See, e.g., Smith v. Dep't of Air Force*, 2016 WL 145967, at *2 (Fed. Cir. Jan. 13, 2016) ("[I]t was reasonable for the DOD to consider its budget holistically when faced with sequi-

tration, rather than isolating components—or, as here, accounts—of a military department.").

The ability to structure spending decisions holistically does not mean that the DOD should or can ignore the sequester that Congress imposed on all accounts. 2 U.S.C. § 906(2) ("[T]he same percentage sequestration shall apply to all programs, projects, and activities within a budget account."). Addressing the historic budget shortfalls occasioned by sequestration required both holistic and detailed financial planning.

## CONCLUSION

We discern no reversible error in the Board's ruling that the furloughs were reasonable and in accordance with law.

## **AFFIRMED**

No costs.